UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMANDA MIRACOLA,

        Plaintiff,

v.

        Case No. 19-cv-1242-pp

ANDREW M. SAUL,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 4)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, not married, and she has a one-year-old son she is responsible for supporting. Dkt. No. 4 at 1. The plaintiff claims income of $1,017 per month ($608 from W2, $175 in child support, and $234 from food share and WIC), id. at 2, against this income, she lists monthly expenses of

between $830.34 and $1,130.34 ($400-$700 in credit card payments, $234 in groceries, $100.64 for a cell phone, $40 for clothing and diapers, and $55.70 per month for car insurance), id. at 2-3. The plaintiff owns a 2006 Kia Spectra worth between $250 and $1,665, she has $101.10 in a checking account and $544.51 in a savings account, she owns no other property of value, and she states that she is "a single mom to a 1 year old." Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she is disabled, that she was denied benefits by the Commissioner, and that the Commissioner's conclusions and findings of fact in that denial are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of

2

the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 28th day of August, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**